COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

MR. YAMAHA, INC., TRACY § 
MCINTYRE AND GENE MCINTYRE,

§            No. 08-11-00295-CV

Appellants,

§            Appeal from the

v.

§            34th Judicial District Court

MICHAEL MCINTYRE AND §            of El Paso County, Texas 
LAURA MCINTYRE,

Appellees.            (TC# 2006-316)

§

## MEMORANDUM OPINION

On December 8, 2011, the Court granted an agreed motion to abate this appeal to allow the parties to finalize their settlement of this dispute. Appellants, Mr. Yamaha, Inc., Tracy McIntyre, and Gene McIntyre, and Appellees, Michael McIntyre and Laura McIntyre, have since filed an agreed motion to vacate the trial court's judgment and dismiss the appeal because the parties have settled all matters in controversy. We therefore reinstate the appeal. Because we conclude that we are not authorized to grant all of the relief requested by the joint motion, we grant the motion in part and deny in part.

Rule 43.2 specifies the types of judgments a court of appeals is authorized to enter. TEX.R.APP.P. 43.2. It provides that a court of appeals may:

(a) affirm the trial court's judgment in whole or in part;

(b) modify the trial court's judgment and affirm it as modified;

(c) reverse the trial court's judgment in whole or in part and render the judgment

that the trial court should have rendered;

(d) reverse the trial court's judgment and remand the case for further proceedings;

(e) vacate the trial court's judgment and dismiss the case; or

(f) dismiss the appeal.

Rule 43.2(e) authorizes an appellate court to vacate the trial court's judgment and dismiss the underlying suit. Under Rule 43.2(f), we are authorized to dismiss the appeal.

The agreed motion requests that we vacate the trial court's judgment, but it does not request that we dismiss the underlying suit. Instead, the parties request that we dismiss the appeal. We do not have authority, however, to both dismiss the appeal and vacate the trial court's judgment because the two actions are incompatible. *See Smith and Marrs, Inc. v. D.K. Boyd Land and Cattle, Co.*, 224 S.W.3d 270 (Tex.App.--El Paso 2005, no pet.); *Kisler v. Coldwell*, 201 S.W.3d 187, 187-88 (Tex.App.--El Paso 2006, no pet.). Rather than denying the agreed motion outright, we will grant the request to vacate the trial court's judgment and remand the cause for further proceedings as may be necessary to effectuate the parties' agreement. We deny the request to dismiss the appeal. In accordance with the parties' motion, we assess costs against the party incurring same. *See* TEX.R.APP.P. 42.1(d).

GUADALUPE RIVERA, Justice

January 25, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.